[Civ. No. 14299. Second Dist., Div. Two. May 19, 1944.]

O. B. DeCAMP, Appellant, v. CARL F. FRESHWATER, Respondent.

Samuel J. Crawford for Appellant.

O'Melveny & Myers and Lauren M. Wright for Respondent.

WOOD (W. J.), J.—In this action plaintiff seeks a judgment in the sum of $5,400, alleged to be the reasonable value of legal services rendered at the special instance and request of defendant. The trial court found that, in accordance with the allegations of defendant's answer, plaintiff's fee was to be contingent upon the receipt of funds from Samuel Bronstein and that such funds had not been received. Plaintiff also claims that he was discharged by defendant and the trial court found against him on this issue. It is contended on this appeal that the evidence does not support these findings.

Following his employment by defendant in November, 1940, plaintiff obtained a judgment on behalf of defendant against Bronstein on a note for $5,000. He also acted for defendant in the defense of a suit which had been commenced against him. Defendant paid to plaintiff the sum of $350, which, because of lack of funds, he had borrowed for the purpose. Defendant held another note of Bronstein's in the sum of $20,000. Negotiations were entered into with Bronstein, resulting in a written agreement between defendant and Bronstein settling all of their differences, in which it was stipulated that there would be a stay of execution on the judgment already entered and that Bronstein would pay to defendant 20 per cent of "all money earned and received by him from whatever source derived" until the entire sum of $30,000 should be paid.

Plaintiff and defendant had several conversations concerning the payment of fees for plaintiff's services. There is a conflict in the testimony of the parties concerning these conversations. Defendant testified: "Q. When was the next time

that the question of a contingent fee for Mr. Decamp was discussed after the time you mentioned around April? A. Well, we discussed it off and on and it was not decided upon until the arrangement with Mr. Bronstein was worked out. Q. And at that time what was said between you and Mr. DeCamp? A. Well, Mr. DeCamp wanted 20 percent of all moneys collected on the $30,000, and I said we had a judgment note of $6,000, and I felt he should not be entitled to twenty percent on that, so we reached a compromise of ten percent on the $6,000, and twenty percent on the $30,000." He further testified that he asked plaintiff to confirm his understanding of the agreement by letter and that plaintiff sent him a letter, the material portion of which being as follows: "This will confirm our oral understanding with reference to my fee in the *Matter of Freshwater* v. *Bronston, et al.* I am to receive 20% of any money paid to Samuel *Bronston* up to $24,000, and 10% of any money over and above the $24,000, the total fee, based on the settlement, will amount to $5,400, with interest as and when paid by *Bronston* and received by you." Plaintiff argues that since the letter in question was not signed by defendant it was not binding upon the parties. It is noteworthy that plaintiff did not send with his letter a copy to be signed by defendant and returned to him. We are satisfied that the evidence is ample to sustain the trial court's finding that plaintiff's fee was to be contingent upon payment by Bronstein.

Plaintiff further contends that if it be assumed that his employment was on a contingent basis, nevertheless he is entitled to demand the reasonable value of his services because of the fact that, as claimed, he was wrongfully discharged. He bases his contention upon the fact that in March, 1942, he was told on the telephone by Bronstein that he, Bronstein, was dealing directly with defendant; that he then called up defendant, who told him that he had had a conference with Bronstein and that "he was going to handle the collection of the money from there on out"; and that defendant told him that he was going to use his own judgment as to what should be done.

It also appears in evidence that plaintiff had previously insisted on having an execution issued against Bronstein and had proposed that another action be commenced against Bronstein. Defendant insisted that these moves "would keep us all from getting any money". Defendant testified: "I

did not talk to Mr. DeCamp on the phone for quite a while, and he called one night and repeated that he felt Bronstein should be sued and I listened to him. Finally he said: 'I am going to levy on that execution against Bronstein,' and I said, 'You are going to do what?' He said: 'I am going to levy on that execution,' and I said, 'You are not going to do it unless I instruct you to,' and he said, 'That is just what I wanted you to say,' and banged up the receiver.'' The moves proposed by plaintiff would have been in violation of the settlement agreement which defendant had made with Bronstein. Defendant did not effect a discharge of plaintiff as his counsel by insisting that the terms of the agreement made with his debtor be respected.

No substitution of attorney was sought or filed in the action in which judgment had been entered against Bronstein. We find nothing in the record which requires a finding by the trial court that plaintiff was prevented from rendering his services in accordance with the agreement he had made with defendant or that he was discharged by any action of defendant.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.