[Crim. No. 28844. Second Dist., Div. Two. Dec. 14, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIE SCOTT THOMAS, Defendant and Appellant.

[redacted]

**COUNSEL**

Paul A. Turner, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Howard J. Schwab and Beverly K. Falk, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**COMPTON, J.**—Defendant Willie Scott Thomas was charged in an information with one count of assault with intent to commit rape upon Carolyn J., a person under the age of 18 years, (Pen. Code, § 220) and one count of inflicting cruel and inhuman corporal punishment on a child. (Pen. Code, § 273d.) In a nonjury trial defendant was

convicted of violating Penal Code section 273d and acquitted of the assault charge. Two prior felony convictions for rape were alleged and proved. Defendant appeals from the judgment.

The victim, Carolyn, is defendant's 15-year-old stepdaughter. On November 5, 1975, the victim's mother entered the hospital leaving Carolyn and her brothers and sisters in the care of the defendant. Late in the evening of November 6, the defendant made sexual advances to Carolyn which she resisted. Defendant then asked Carolyn if she was going to inform her mother about the incident. He told her that if she did he would have to return to prison.

When Carolyn continued to resist defendant's advances, he picked up a broom and threatened her. He dropped the broom and then struck her repeatedly on the side of the head with his fists, knocking her down. He then began to choke her. She fought back, striking the defendant with a peanut butter jar and hurling a plate at him. During the melee a television set was knocked to the floor and several books were scattered throughout the room.

When the battle was over, Carolyn called her aunt and told her of the incident. The police were summoned. The defendant who had left the house was later apprehended by the police after he climbed from a tree where he had taken refuge.

After the incident, Carolyn was extremely upset, her left eye was "terribly swollen" and reddened, her lower lip was cut and swollen and her neck was scratched from the choking.

Defendant contended that on the evening of the incident he and Carolyn argued about her failure to clean the house as he had directed. According to defendant, Carolyn became angry and struck at him with her fists, kicked and eventually threw a peanut butter jar at him. Defendant responded by hitting her with the back of his hand once. When Carolyn threw a plate at him, defendant slapped her with his open palm. He then left the house because he was afraid that his parole would be violated.

On appeal defendant contends that Penal Code section 273d is unconstitutionally vague and that Carolyn was not a "child" within the meaning of Penal Code section 273d.

■ Penal Code section 273d provides, inter alia, ". . . any person who wilfully inflicts upon any child any cruel or inhuman corporal punishment or injury resulting in a traumatic condition, is guilty of a felony, . . ."

In *People* v. *Stewart,* 188 Cal.App.2d 88, at p. 91 [10 Cal.Rptr. 217], it was held that ". . . For the purposes of the statute, traumatic condition has been defined as a wound or other abnormal bodily condition resulting from the application of some external force. (*People* v. *Burns,* 88 Cal.App.2d 867 [200 P.2d 134].)"

The injuries inflicted here by the defendant's fists were clearly within the category of a "wound or other abnormal bodily condition resulting from the application of some external force."

■ With respect to the terms "cruel and inhuman corporal punishment," defendant's contention has been considered and rejected in *People* v. *Cameron,* 53 Cal.App.3d 786 [126 Cal.Rptr. 44]. "Corporal punishment" poses no problem of definition. The terms "cruel and inhuman" are also capable of clear definition and are no more vague than the phrase "cruel and unusual" as used in the Constitution itself.

■ Defendant next contends that Carolyn was not a "child" within the meaning of Penal Code section 273d because she was 15 years old, 5 foot, 3 inches in height and weighed 205 pounds. Defendant argues that since there are no reported cases involving Penal Code section 273d where factually the victims were of such an advanced age and large size, then it must be held that Carolyn was not a child.

Civil Code section 25 provides that minors "are all persons under 18 years of age." Various Penal Code sections refer to children according to chronological age. (*Cf.* Pen. Code, §§ 273b and 647a.) Welfare and Institutions Code, sections 600, 601 and 602 adopt chronological age as the criteria for determining juvenile court jurisdiction. That age is 18 years. Where an age of less than 18 years is used in particular circumstances, it is specifically spelled out. (Pen. Code, §§ 271, 271a.) Penal Code section 272 (contributing to the delinquency of a minor) has historically adopted the age used in Welfare and Institutions Code section 600 and Civil Code section 25.

While the size and age of the alleged victim is relevant to the trier of fact's determination of the reasonableness of the corporal punishment

and the cruel nature thereof, the only criteria which can be used in determining the legal applicability of the statute is chronological age. Further the only reasonable and logical approach is to equate "child" with "minor" as used in Civil Code section 25 and Welfare and Institutions Code section 600.

The trial court in orally pronouncing sentence correctly directed that the defendant be committed to the state prison system for the term prescribed by law. In sentencing the defendant to state prison, the proper procedure is to direct the sheriff to deliver the defendant to the custody of the Department of Corrections at the appropriate reception center. The reception center for the Southern California area is the California Institution for Men at Chino. The trial court does not have jurisdiction to specify detention in a particular institution. (Pen. Code, §§ 5080, 1202a, 1213.5.)

Here the written judgment purports to direct that the defendant not only be delivered to the California Institution for Men but that he also be imprisoned there. This is obviously a clerical error and is corrected to provide that defendant is sentenced to the state prison for the term prescribed by law. (*People* v. *Mesa,* 14 Cal.3d 466 [121 Cal.Rptr. 473, 535 P.2d 337]; *In re Sandel,* 64 Cal.2d 412 [50 Cal.Rptr. 462, 412 P.2d 806]; *People* v. *Serrato,* 9 Cal.3d 753 [109 Cal.Rptr. 65, 512 P.2d 289].)

As modified, the judgment is affirmed.

Fleming, Acting P. J., and Beach, J., concurred.