974 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clinton WALKER, Plaintiff-Appellant,
v.
G.W. STEEVES, John Does I thru V, et al., Defendant-Appellee.
 No. 88-2822.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 20, 1992.*
Decided Sept. 9, 1992.
 
 Before WIGGINS, O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Clinton Walker, a state prisoner, appeals pro se the dismissal of his 42 U.S.C. § 1983 complaint as frivolous. We affirm.
 
 FACTS
 
 3
 Walker filed an internal inmate grievance requesting a compassionate transfer to another institution. Walker wanted to be transferred to a prison closer to his wife, who was physically and financially unable to visit him at Folsom Prison. This transfer was denied in a secondary level review by prison officials on December 12, 1987.
 
 
 4
 Walker brought this section 1983 action alleging that the prison officials denied him due process of law. Liberally interpreting the pro se brief, Walker appears to allege that the officials denied him a timely internal review of his appeal by relying on invalid administrative procedures. Walker's case was referred to a magistrate judge. On April 26, 1988, the magistrate judge recommended that Walker's action be dismissed as frivolous. Walker filed timely objections to the magistrate judge's report on May 6 and 16, 1988. The district court conducted a de novo review and adopted the magistrate judge's findings of fact and dismissed the action on May 20, 1988.
 
 DISCUSSION
 
 5
 The district court may dismiss a pro se complaint prior to service if it is frivolous, that is, if it lacks an arguable basis in law or fact. 28 U.S.C. § 1915(d); Neitzke v. Williams, 490 U.S. 319, 324-25, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989); Lopez v. Department of Health Services, 939 F.2d 881, 883 (9th Cir.1991). We review the district court's determination for abuse of discretion. Denton v. Hernandez, --- U.S. ----, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).
 
 
 6
 Walker's section 1983 action lacks an arguable basis in law. "To state a section 1983 claim, a plaintiff must allege facts which show a deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law." Lopez, 939 F.2d at 883. There is no constitutional right to a particular grievance procedure in state prison. Mann v. Adams, 855 F.2d 639, 640 (9th Cir.), cert. denied, 488 U.S. 898, 109 S.Ct. 242, 102 L.Ed.2d 231 (1988); see Flick v. Alba, 932 F.2d 728, 729 (8th Cir.1991).
 
 
 7
 As to his underlying grievance regarding the compassionate transfer, there is no liberty interest in incarceration in any particular institution, unless the state creates a protected right "by placing substantive limitations on official discretion." Olim v. Wakinekona, 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983); see also Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir.1989). In California, there are no substantive limitations on prison officials' discretion to refuse the transfer of prisoners. See Cal.Penal Code § 5080; Cal.Code Regs. tit. 15, § 3379; People v. Lara, 155 Cal.App.3d 570, 575-76, 202 Cal.Rptr. 262 (1984). California has not created a protected liberty interest in prison transfers. Therefore, no constitutional rights are implicated in Walker's allegation of the improper internal review procedures at the prison.
 
 
 8
 The general rule is that a pro se plaintiff should be given leave to amend. Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th Cir.1987). However, that is not required when it is absolutely clear that the deficiencies could not be overcome by amendment. Id.; Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). Here, no amendment could clear up the complete absence of a legal basis for a section 1983 action.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3