[No. D017419. Fourth Dist., Div. One. Dec. 23, 1992.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
BRYAN SCOTT PETERSON, Real Party in Interest.

---

**COUNSEL**

Edwin L. Miller, Jr., District Attorney, Thomas F. McArdle and Anthony Lovett, Deputy District Attorneys, for Petitioner.

No appearance from Respondent.

Robert E. Boyce and Tamara L. Cross for Real Party in Interest.

## Opinion

**KREMER, P. J.**—The People, by petition for a writ of mandate[1], seek to vacate a sentencing order requiring Bryan Scott Peterson to serve 200 days in the custody of a private, noncontract work furlough facility. The People contend under Penal Code[2] section 1208, only the work furlough administrator has the discretion to place a convicted person in a work furlough facility and any private facility must be under contract to serve as a place of confinement for county prisoners. Peterson argues his placement in work furlough is proper as a reasonable condition of probation under section 1203.1 and authorized by section 2900.5, subdivision (f). We conclude the court lacked jurisdiction to place Peterson in work furlough either directly or as a condition of probation. Additionally we determine a noncontract facility may not be used for custody of county prisoners. Accordingly we grant the petition.

### Factual and Procedural Background

El Cajon police officers searched Peterson's residence pursuant to a warrant on March 12, 1992. They found approximately eight pounds of marijuana, two rifles and nunchaku. Peterson was charged with possessing marijuana for sale while armed with a firearm (Health & Saf. Code, § 11359; § 12022, subd. (a)(1)), possessing a firearm as a felon (§ 12021, subd. (a)) and possessing nunchaku (§ 12020, subd. (a)).

Under a negotiated plea, Peterson pled guilty to possessing marijuana for sale and the People dismissed the remaining charges. The People agreed not to oppose local time.

At sentencing on July 15, the probation officer recommended Peterson be granted probation "with a substantial period of custody, a fine, and drug conditions to include search, testing, and registration." The People agreed with a grant of probation but requested Peterson serve 270 days in jail, objecting to private work furlough. Peterson requested probation and presented an "acceptance letter" from E & J & Associates Rehabilitation Center (E & J facility), a private work furlough facility.

The court suspended sentence and placed Peterson on five years' formal probation. It committed him to the custody of the sheriff for a period of 200 days, stating "You may serve the balance of your custody at E & J."

---

[1] An order granting probation is reviewable by petition for writ of mandate or prohibition filed within 60 days of the order. (Pen. Code, § 1238, subd. (d).)

[2] All statutory references are to the Penal Code unless otherwise specified.

Peterson was ordered to report on July 30 to the furlough facility. This petition followed. We issued an order to show cause on September 21.

## DISCUSSION

The People challenge the sentencing order on three grounds; the court lacked jurisdiction to place a convicted person directly in work furlough, either for custody purposes or as a condition of probation, and a noncontract facility may not be used as a place of confinement for county prisoners. Peterson argues extraordinary relief is unwarranted because even if the court erred in placing him directly in work furlough rather than in the custody of the sheriff, it could have ordered work furlough as a condition of probation.[3]

■ We are guided by the principle a sentencing court has a duty to impose the punishment prescribed by law and has no discretion to deviate from that punishment. (§ 12[4]; *People* v. *Lara* (1984) 155 Cal.App.3d 570, 574 [202 Cal.Rptr. 262].)

### I. *Direct Placement in Work Furlough.*

*Penal Code section 1208.*

The Legislature created the work furlough alternative to jail confinement in 1957, the "Cobey Work Furlough Law," codified in section 1208.[5] (Stats.

---

[3]Peterson also requested the petition be denied as moot because he completed his sentence by the date of oral argument. In light of continuing public interest in work furlough and the real possibility similar cases will recur and evade review because of relatively short sentences, we conclude resolution on this record is appropriate. (*Daly* v. *Superior Court* (1977) 19 Cal.3d 132, 141 [137 Cal.Rptr. 14, 560 P.2d 1193].)

[4]Section 12 provides: "The several sections of this Code which declare certain crimes to be punishable as therein mentioned, devolve a duty upon the Court authorized to pass sentence, to determine and impose the punishment prescribed."

[5]Because the comprehensive nature of this section is critical to our resolution here, we include the section at length:

"(a) The provisions of this section, insofar as they relate to employment, shall be operative in any county in which the board of supervisors by ordinance finds, on the basis of employment conditions, the state of the county jail facilities, and other pertinent circumstances, that the operation of this section, insofar as it relates to employment, in that county is feasible. . . . In any ordinance the board shall prescribe whether the sheriff, the probation officer, the director of the county department of corrections, or the superintendent of a county industrial farm or industrial road camp in the county shall perform the functions of the work furlough administrator. The board may, in that ordinance, provide for the performance of any or all functions of the work furlough administrator by any one or more of those persons, acting separately or jointly as to any of the functions; and may, by a subsequent ordinance, revise the provisions within the authorization of this section. The board of supervisors may also terminate the operation of this section, either with respect to employment, job training, or education in the county if it finds by ordinance that because of changed circumstances, the

1957, ch. 1580, p. 2932.) Section 1208 provides the board of supervisors of each county determines whether a work furlough program is feasible in that

operation of this section, either with respect to employment, job training, or education in that county is no longer feasible.

"Notwithstanding any other provision of law, the board of supervisors may by ordinance designate a facility for confinement of prisoners classified for the work furlough program and designate the work furlough administrator as the custodian of the facility. The work furlough administrator may, with the approval of the board of supervisors, enter into contracts with appropriate public or nonprofit private agencies or private entities to provide a facility and services for the housing, sustenance, counseling, supervision, and related services for inmates eligible for work furlough. No agency or private entity entering into a contract may itself employ any person who is in the work furlough program. The sheriff or director of the county department of corrections, as the case may be, is authorized to transfer custody of prisoners to the work furlough administrator to be confined in a facility for the period during which they are in the work furlough program.

"All privately operated work furlough facilities and programs used for the detention of persons sentenced into the custody of the sheriff, the director of a county department of corrections, or the chief probation officer, shall be under the jurisdiction of, and subject to the terms of a contract entered into with, the work furlough administrator. Each contract shall include, but not be limited to, a provision whereby the private agency or entity agrees to operate in compliance with all appropriate state and local building, zoning, health, safety, and fire statutes, ordinances, and regulations and the minimum jail standards for Type IV facilities as established by regulations adopted by the Board of Corrections. The private agency or entity shall select and train its personnel in accordance with selection and training requirements adopted by the Board of Corrections as set forth in Subchapter 1 (commencing with Section 100) of Chapter 1 of Division 1 of Title 15 of the California Code of Regulations. Failure to comply with the appropriate health, safety, and fire laws or minimum jail standards adopted by the board may be cause for termination of the contract. Upon discovery of a failure to comply with these requirements, the work furlough administrator shall notify the privately operated program director that the contract may be canceled if the specified deficiencies are not corrected within 60 days.

"All private work furlough facilities and programs shall be inspected biennially by the Board of Corrections unless the work furlough administrator requests an earlier inspection pursuant to Section 6031.1. Each private agency or entity shall pay a fee to the Board of Corrections commensurate with the cost of those inspections and a fee commensurate with the cost of the initial review of the facility.

"(b) When a person is convicted of a misdemeanor and sentenced to the county jail, or is imprisoned in the county jail for nonpayment of a fine, for contempt, or as a condition of probation for any criminal offense, the work furlough administrator may, if he or she concludes that the person is a fit subject to continue in his or her regular employment, direct that the person be permitted to continue in that employment, if that is compatible with the requirements of subdivision (d), or may authorize the person to secure employment for himself or herself, unless the court at the time of sentencing or committing has ordered that the person not be granted work furloughs. . . .

"(c) If the work furlough administrator so directs that the prisoner be permitted to continue in his or her regular employment, job training, or educational program, the administrator shall arrange for a continuation of that employment or for that job training or education, so far as possible without interruption. If the prisoner does not have regular employment or a regular job training or educational program, and the administrator has authorized the prisoner to secure employment, job training, or education for himself or herself, the prisoner may do so, and the administrator may assist the prisoner in doing so. Any employment, job training, or

county[6]. The board then designates a "work furlough administrator" and a "facility for confinement of prisoners classified for the work furlough program . . . ." (§ 1208, subd. (a).)

Originally section 1208 allowed the sentencing court to determine a prisoner's eligibility for work furlough. However, in 1965, the Legislature transferred this power from the court to the work furlough administrator. (See Historical Note to West's Ann. Pen. Code former § 1208, Stats. 1965,

---

education so secured shall be suitable for the prisoner. The employment, and the job training or educational program if it includes earnings by the prisoner, shall be at a wage at least as high as the prevailing wage for similar work in the area where the work is performed and in accordance with the prevailing working conditions in that area. In no event may any employment, job training, or educational program involving earnings by the prisoner be permitted where there is a labor dispute in the establishment in which the prisoner is, or is to be, employed, trained, or educated.

"(d) Whenever the prisoner is not employed or being trained or educated and between the hours or periods of employment, training, or education, the prisoner shall be confined in the facility designated by the board of supervisors for work furlough confinement unless the work furlough administrator directs otherwise. If the prisoner is injured during a period of employment, job training, or education, the work furlough administrator shall have the authority to release him or her from the facility for continued medical treatment by private physicians or at medical facilities at the expense of the employer, workers' compensation insurer, or the prisoner. The release shall not be construed as assumption of liability by the county or work furlough administrator for medical treatment obtained.

"The work furlough administrator may release any prisoner classified for the work furlough program for a period not to exceed 72 hours for medical, dental, or psychiatric care, or for family emergencies or pressing business which would result in severe hardship if the release were not granted, or to attend those activities as the administrator deems may effectively promote the prisoner's successful return to the community, including, but not limited to, an attempt to secure housing, employment, entry into educational programs, or participation in community programs.

". . . . . . . . . . . . . . . . . . . .

"(f) The prisoner shall be eligible for time credits pursuant to Sections 4018 and 4019.

"(g) In the event the prisoner violates the conditions laid down for his or her conduct, custody, job training, education, or employment, the work furlough administrator may order the balance of the prisoner's sentence to be spent in actual confinement.

"(h) Willful failure of the prisoner to return to the place of confinement not later than the expiration of any period during which he or she is authorized to be away from the place of confinement pursuant to this section is punishable as provided in Section 4532.

"(i) As used in this section, the following definitions apply:

"(1) 'Education' includes vocational and educational training and counseling, and psychological, drug abuse, alcoholic, and other rehabilitative counseling.

"(2) 'Educator' includes a person or institution providing that training or counseling.

"(3) 'Employment' includes care of children, including the daytime care of children of the prisoner.

"(4) 'Job training' may include, but shall not be limited to, job training assistance as provided through the Job Training Partnership Act (Public Law 97—300; 29 U.S.C.A. Sec. 1501 et seq.).

"(j) This section shall be known and may be cited as the 'Cobey Work Furlough Law.' "

[6]The San Diego County Board of Supervisors enabled work furlough in 1965. (San Diego County Admin. Code, art. XIX, § 353.)

ch. 642, § 1, p. 1993.) The administrator now determines whether a particular prisoner is a fit subject for work furlough, job training and/or education, "unless the court at the time of sentencing or committing has ordered that the person not be granted work furloughs." (§ 1208, subd. (b).) Custody of the person is then transferred from the sheriff or Department of Corrections to the work furlough administrator. If the prisoner violates conditions of the furlough program, the administrator may order the remainder of the sentence to be spent in "actual confinement." (§ 1208, subd. (g).)

█  The People contend under section 1208 the court's power is limited to recommending or precluding a convicted person's placement in work furlough. They rely by analogy on *People v. Superior Court (Hubbard)* (1991) 230 Cal.App.3d 287 [281 Cal.Rptr. 309], involving a similar statutory scheme for electronic home detention under section 1203.016.

In *Hubbard* a defendant convicted of driving under the influence was required to serve a minimum of 180 days in county jail as a condition of probation under Vehicle Code section 23176. However, the sentencing court ordered the probation department to arrange for the defendant to be placed in a home monitoring program. The order was invalid because, although the defendant may have been eligible to participate in the program, under section 1203.016 the determination of eligibility was within the discretion of the chief probation officer rather than that of the sentencing judge. (230 Cal.App.3d at p. 298.)

We agree with the People the statutory scheme for home detention parallels that of work furlough and the sentencing court's power is limited as in *Hubbard*. Both programs must be authorized by the board of supervisors and run by a correctional administrator. Similar to work furlough, a sentencing court may only restrict or deny an inmate's participation in home detention. (§ 1203.016, subds. (a), (f) & (h)(1).) Moreover, vesting placement authority in correctional officials is consistent with the traditional notion that a sentencing court's function is confined to a determination whether incarceration is appropriate, not to specify detention in any particular institution. (See *People v. Graham* (1978) 83 Cal.App.3d 736, 745 [149 Cal.Rptr. 6].) The manner of execution of sentence, including a determination of the place of incarceration, is vested in correctional officials. (*People v. Lara, supra,* 155 Cal.App.3d at p. 576.) We therefore conclude section 1208 does not empower the court to place Peterson in the custody of the sheriff with directions that he serve that custody in work furlough.

*Penal Code section 2900.5, subdivision (f).*

█  Peterson claims newly enacted section 2900.5, subdivision (f), allows the court to place him in private work furlough. Section 2900.5

generally relates to credit for time served in custody prior to the commencement of sentence. The text of subdivision (f), as originally proposed, read "If a *court* orders a defendant to serve time in a camp, work furlough facility, . . . the time spent . . . shall qualify as mandatory time in jail." (Assem. Amend. to Sen. Bill No. 688 (1991-1992 Reg. Sess.) Apr. 9, 1991, italics added.) The reference to "court" was deleted through a series of amendments. (Legis. Counsel's Dig., Assem. Bill No. 688, Stats. 1991, ch. 437.) Section 2900.5, subdivision (f) as enacted provides:

"If a defendant serves time in a camp, work furlough facility, halfway house, rehabilitation facility, hospital, juvenile detention facility, similar residential facility, or home detention program in lieu of imprisonment in county jail, and the statute under which the defendant is sentenced requires a mandatory minimum period of time in jail, the time spent in these facilities or programs shall qualify as mandatory time in jail."

We read section 2900.5, subdivision (f) as authorizing time in alternative facilities to be credited against mandatory jail time, not as creating a mechanism to place persons in those facilities. By deleting the word "court," the Legislature implicitly recognized a court order is not necessarily the vehicle for a defendant's participation in alternative custody.

Explicit statutory procedures exist to place prisoners in each alternative facility enumerated in section 2900.5, subdivision (f). County prisoners are placed in industrial farms or camps by the sheriff's classification committee. (§ 4114.) The sheriff may also transfer county prisoners to industrial road camps. (§ 4000.5.) Convicted persons addicted to narcotics are committed to rehabilitation facilities through detailed judicial proceedings. (Welf. & Inst. Code, § 3050 et seq.) Ill prisoners may be hospitalized by the sheriff for a short time (§ 4011.5), or by the court for extended care (§ 4011). As previously noted, prisoners are placed on home detention by the probation officer (§ 1203.016). Because various specific mechanisms for placement in alternative facilities are specified by statute, we do not interpret section 2900.5, subdivision (f), as giving the court general placement authority for work furlough in the face of a detailed mechanism in section 1208. In short, subdivision (f) merely affords credit for time served in certain alternative custody settings. Because Peterson's sentence did not require mandatory jail time and no placement mechanism is created by section 2900.5, subdivision (f), the subdivision is inapplicable here.[7]

_____

[7]We acknowledge that in *In re Starr* (1986) 187 Cal.App.3d 1550 [232 Cal.Rptr. 487] this court decided a county jail prisoner was entitled to conduct credits under section 4019 for time

*Penal Code section 1203.1.*

■    Peterson also suggests section 1203.1[8], authorizing a sentencing court to "place the probationer in . . . a road camp, farm, or other public work instead of in jail[,]" supports his placement in the E & J facility. However there is no reference in section 1203.1 to either work furlough or privately operated programs. The express provisions for placement in jail and enumerated public work programs implicitly preclude other types of placement.

In summary, by the clear language of section 1208, determination of fitness and placement in work furlough is at the sole discretion of the administrator. (See also *In re Thomas* (1984) 161 Cal.App.3d 721 [206 Cal.Rptr. 719]; 73 Ops.Cal.Atty.Gen. 45 (1990).) Section 2900.5 affords credit for time served in alternative custodial settings but it does not empower a court to place prisoners in those settings. Although section 1203.1 authorizes a court to place prisoners in public work programs, work furlough is not one of the enumerated programs. Thus here the court's order placing Peterson directly in the E & J facility is invalid because the court lacked statutory authority for the placement.

## II.   *Work Furlough as a Condition of Probation.*

■    Peterson asserts even if the court lacked power to place him in work furlough directly as a place of confinement, it could place him there as a "reasonable condition of probation" under section 1203.1. He concedes the work furlough here is "custody."

---

served in a private work furlough facility. The propriety of the prisoner's placement in the private facility was apparently assumed by the parties and thus unaddressed by the court.

[8]Section 1203.1 provides in relevant part: "The court or judge thereof, in the order granting probation, may suspend the imposing, or the execution, of the sentence and may direct that the suspension may continue for a period of time not exceeding the maximum possible term of the sentence, except as hereinafter set forth, and upon those terms and conditions as it shall determine. The court, or judge thereof, in the order granting probation and as a condition thereof may imprison the defendant in the county jail for a period not exceeding the maximum time fixed by law in the case; . . . may fine the defendant in a sum not to exceed the maximum fine provided by law in the case; or may in connection with granting probation, impose either imprisonment in county jail, or fine, or both, or neither. . . . [¶] . . . In counties or cities and counties where road camps, farms, or other public work is available the court may place the probationer in such a road camp, farm, or other public work instead or in jail. . . ."

"The court may impose and require any or all of the above-mentioned terms of imprisonment, fine, and conditions, and other reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer, . . ."

Probation is the release of a defendant into the community under the direction of a probation officer or the court. (§ 1203, subd. (a).) The grant of probation is a privilege given and circumscribed by the Legislature. (*People v. Main* (1984) 152 Cal.App.3d 686, 693 [199 Cal.Rptr. 683]; § 1203.) As conditions of probation, the court may impose and require terms of imprisonment, fines, restitution and "other reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law . . . for the reformation and rehabilitation of the probationer, . . ." (§ 1203.1.)

Section 1203.1 specifically provides imprisonment be in the "county jail," or "road camp, farm or public work instead of jail." Section 19.2[9] limits a probationer's confinement in those enumerated custodial facilities to a maximum of one year. We think it illogical to construe confinement in a work furlough facility as a "generic" condition of probation when confinement is addressed in detail by the Legislature and the right to place a person in custody is strictly statutory due to the obvious liberty interests involved. (See generally *People v. Clark* (1924) 69 Cal.App. 520, 523 [231 P. 590].) Additionally, confinement in work furlough as a "generic" condition of probation might not be subject to a maximum term if it were so imposed.

We interpret the "other reasonable conditions" of probation to be other than imprisonment, fines, and restitution. The reasonable conditions are those restrictions traditionally imposed relating to the crime committed and future criminal conduct (*People v. Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545]), i.e., a person convicted of drunk driving must refrain from drinking alcohol. Although we are sensitive to the court's aim in keeping suitable convicted individuals gainfully employed, nevertheless, a court may not "end run" the explicit statutory framework for custody of convicted persons. We conclude confinement in a work furlough program is outside the scope of a reasonable condition of probation.

### III. *Private Work Furlough Facilities.*

█ Finally, we address the People's contention the order placing Peterson in the E & J facility is also unlawful because the E & J facility is a private facility not under contract with the work furlough administrator.

---

[9]Section 19.2 provides: "In no case shall any person sentenced to confinement in a county or city jail, or in a county or joint county penal farm, road camp, work camp, or other county adult detention facility, or committed to the sheriff for placement in any county adult detention facility, on conviction of a misdemeanor, or as a condition of probation upon conviction of either a felony or a misdemeanor, or upon commitment for civil contempt, or upon default in the payment of a fine upon conviction of either a felony or a misdemeanor, or for any reason except upon conviction of more than one offense when consecutive sentences have been imposed, be committed for a period in excess of one year; provided, however, that the time allowed on parole shall not be considered as a part of the period of confinement."

Section 1208 authorizes the work furlough administrator to enter into contracts with public or private agencies to provide work furlough facilities. "All privately operated work furlough facilities and programs used for the detention of persons sentenced into the custody of the sheriff, the director of a county department of corrections, or the chief probation officer, shall be under the jurisdiction of, and subject to the terms of a contract entered into with, the work furlough administrator." (§ 1208, subd. (a).)

Under the contract, the private program must agree to operate in compliance with all state and local building, zoning, health, safety, and fire statutes, ordinances and regulations. The private program must also select and train personnel and operate in accordance with the Department of Corrections' standards. The language of section 1208 indicates the Legislature recognized the potential dangers in placing prisoners in private custody and instituted clear standards to be maintained for the prisoners' well-being. Because the order placing prisoners in a noncontract work furlough facility evades the careful protections established the Legislature, it is unlawful.

We conclude the court's order nominally placing Peterson in the custody of the sheriff but ordering him to report to a noncontract work furlough facility was in excess of jurisdiction. The court may not place Peterson in work furlough as a condition of probation; only the work furlough administrator has the authority to determine eligibility and placement, and all private facilities must be under contract with the administrator. We therefore issue the writ.

### DISPOSITION

Let a writ of mandate issue directing the superior court to vacate that portion of its sentencing order directing service of custody in the E & J facility. Because we are advised Peterson completed service of the custody condition of probation, remand for resentencing is unnecessary.

Benke, J., and Nares, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied March 17, 1993.