Filed 11/4/14  P. v. Valdivia CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059857 |
| v. | (Super.Ct.No. SWF1102589) |
| CARLOS OCTAVIO VALDIVIA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Michael J. Rushton, Judge.  Affirmed as modified.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Carlos Octavio Valdivia is serving 19 years in state prison for a series of sex crimes committed against his 13-year-old neighbor.  Defendant challenges only the

1

trial court's order that he participate in sex-crimes counseling in prison. Defendant argues, the People concede, and we agree, that the order should be stricken as invalid because not authorized by statute.

## FACTS AND PROCEDURE

Defendant committed a number of sex crimes against his 13-year-old neighbor between January and September of 2011. On September 5, 2013, a jury convicted him of four counts of committing a lewd act on a child under age 14 (Pen. Code, § 288, subd. (a)),[1] sexual penetration of a child under age 14 (§ 289, subd. (j)), three counts of unlawful sexual intercourse with a minor under age 16 by a perpetrator older than 21 (§ 261.5, subd. (d)), oral copulation of a child under age 14 (§ 288a, subd. (c)(1)), and sodomy of a child under age 14 (§ 286, subd. (c)(1)).

On October 18, 2013, the trial court sentenced defendant to 19 years in state prison. The court began to impose a drug counseling requirement recommended in the probation report pursuant to section 1203.096, but instead said "I'm striking that. It says for substance abuse. [¶] I will order you to participate in all counseling or educational programs having as a component programs related to the crimes for which you have been convicted, which are for sex crimes."

This appeal followed.

---

[1] All section references are to the Penal Code unless otherwise indicated.

## DISCUSSION

Defendant argues the trial court erred when it required defendant to participate in sex crime counseling without statutory authority to do so. The People concede and this court agrees, having found no statute authorizing the trial court to impose a requirement that defendant seek sex crime counseling while in prison. A court has discretion in sentencing, but this discretion must be based on punishment prescribed by statute. (*People v. Lara* (1984) 155 Cal.App.3d 570, 574.)

## DISPOSITION

The judgment is modified to strike the order that defendant attend sex crimes counseling while in prison. The trial court clerk is ordered to issue an amended abstract of judgment and to forward a copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

GAUT
                                                                              J.*

We concur:

RAMIREZ
            P. J.

McKINSTER
            J.

_____

\* Retired Associate Justice of the Court of Appeal, Fourth Appellate District, Division Two, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3