[Civ. No. 68853. Second Dist., Div. Three. Dec. 15, 1983.]

THE PEOPLE, Petitioner, v.
THE MUNICIPAL COURT FOR THE LOS ANGELES JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Respondent;
GARY LEWIS HINTON, Real Party in Interest.

COUNSEL

Ira Reiner, City Attorney, Jack L. Brown and Pamela Victorine, Deputy City Attorneys, for Petitioner.

No appearance for Respondent.

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Barry A. Taylor and John Hamilton Scott, Deputy Public Defenders, for Real Party in Interest.

OPINION

**LUI, J.**—In this mandamus proceeding, the People seek a peremptory writ to vacate a sentencing order. The order placed a third time drunk driving offender in an alcohol rehabilitation facility, rather than county jail, as a

condition of probation. We hold that Vehicle Code section 23171, subdivision (a), requires incarceration in county jail as a condition of probation for such third time offenders. This requirement is not satisfied by placement in an alcohol rehabilitation facility. We therefore issue the peremptory writ sought herein.

### FACTS

The facts are not in dispute. Real party in interest, Gary Lewis Hinton (defendant), entered a plea of guilty to a misdemeanor complaint charging violation of Vehicle Code section 23152, subdivision (a) (driving under the influence of alcohol). He admitted to two prior drunk driving convictions within the preceding five years.

Over the objection of the People, the trial court suspended the imposition of sentence and placed defendant Hinton on summary probation on the condition that he serve "120 days in County Jail or other custodial facility." The trial court, however, stayed the jail term and required defendant "to enroll in the Warm Springs Rehabilitation Program . . . and remain in the program for 120 days . . . . [¶] Upon showing the Court that you have completed the 120-day program . . . the Court will give you credit towards the 120 days imposed in the County Jail."[1] The People sought review of this order by means of a petition for writ of mandate. At the direction of the Supreme Court we issued an alternative writ.

### CONTENTION

The People contend the sentencing order allowing defendant to satisfy the mandatory jail term required for third time offenders by residence at an alcohol rehabilitation facility was in excess of the court's jurisdiction. Defendant controverts this contention.

### DISCUSSION

*The Provisions of Vehicle Code Section 23171,
Subdivision (a), Are Mandatory*

In this appeal we are asked to resolve conflicting interpretations of Vehicle Code section 23171, subdivision (a), which provides in pertinent part:

---

[1]Prior to accepting the plea, the court ascertained that the defendant had discussed the consequences of his plea and admission of the prior convictions with his attorney. The defendant understood that he would be placed on probation for 36 months and required to serve 120 days in the county jail or other custodial facility but was informed "that the Court would allow you to serve that 120 days in Warm Springs security facility."

"If the court grants probation to any person punished [for a third offense of specified Vehicle Code provisions all occurring within five years], in addition to the provisions of Section 23206 and any other terms and conditions imposed by the court, *the court shall impose as conditions of probation that the person be confined in the county jail for at least 120 days but not more than one year* and pay a fine of at least three hundred ninety dollars ($390) but not more than one thousand dollars ($1,000). . . ." (Italics added.)

■ In interpreting a criminal statute, the major consideration is legislative intent. (1 Witkin, Cal. Crimes (1963) § 11, p. 13.) ■ The primary source of legislative intent is the language of the statute. "[T]he court should not seek hidden motives or objects which do not appear on the face of the statute or from its legislative history." (*Id.*, at § 14, p. 16; *People* v. *Vaughn* (1961) 196 Cal.App.2d 622, 629 [16 Cal.Rptr. 711].)

■ Vehicle Code section 23171 states that the court "shall" impose a jail term as a condition of probation. The word "shall" in ordinary usage means "must" and is inconsistent with the concept of discretion. (See *People* v. *Municipal Court* (*Lozano*) (1956) 145 Cal.App.2d 767, 778 [303 P.2d 375].)

As if the provisions of Vehicle Code section 23171 did not give sufficient direction to the court regarding the imposition of a jail term, the Legislature added Vehicle Code section 23206, subdivision (c), which provides: "(c) The court shall not absolve a person who is convicted of [driving under the influence of alcohol] from the obligation of spending the minimum time in confinement, . . ."

Thus, to construe "shall" in this context as being anything other than a mandatory legislative direction to the trial court would defy principles of both statutory construction and common sense.

*Vehicle Code Section 23171, Subdivision (a), Does Not*
*Authorize Placement in an Alcohol*
*Rehabilitation Facility*

Defendant urges that the requirement that third time offenders placed on probation "be confined in county jail" is satisfied by placement in the "functional equivalent" of an alcohol rehabilitation facility. Thus, he urges that the phrase "county jail" should not be construed literally but rather by reference to other statutes in which the term appears. He relies on the case of *People* v. *Sylvestry* (1980) 112 Cal.App.3d Supp. 1 [169 Cal.Rptr. 575], to support this contention.

*Sylvestry* involved a defendant who spent 90 days in a rehabilitation facility *prior* to her conviction for violation of Health and Safety Code section 11550 (using or being under the influence of opiate). After conviction, the trial court imposed a 90-day county jail sentence as a condition of probation to satisfy the mandatory requirement of Health and Safety Code section 11550 that a convicted defendant "be confined in the county jail for at least 90 days." The trial court, relying on the provisions of Penal Code section 2900.5,[2] applied 90 days of presentence credit which the defendant had accrued in the rehabilitation facility to the county jail term imposed. As a result, the defendant was not required to spend any time in county jail despite the mandatory provisions of Health and Safety Code section 11550.

The Appellate Department of the Los Angeles County Superior Court, construing Penal Code section 2900.5 and Health and Safety Code section 11550 together, affirmed the award of presentence credits, noting: " '[S]tatutes relating to the same subject matter are to be construed together and harmonized if possible.' (*County of Placer* v. *Aetna Cas. etc. Co.* (1958) 50 Cal.2d 182, 188-189 [323 P.2d 753].) If two constructions of a penal provision are possible, we must use the one favorable to the accused. (*People* v. *Valentine* (1946) 28 Cal.2d 121, 143 [169 P.2d 1].) . . . [¶] . . . To read section 11550 so narrowly that only jail can qualify is to read out all meaning to section 2900.5. Our application of 2900.5 to 11550 mandatory jail time harmonizes the two sections in preference to an absurd result." (*Sylvestry, supra,* 112 Cal.App.3d Supp., pp. 8-9.)

*Sylvestry* is readily distinguishable from the case at bar. As the present case does not involve a question of presentence credits, the fact that Penal Code section 2900.5 authorizes such credit for time served in a rehabilitation facility is of no relevance. Unlike the court in *Sylvestry,* we are not called upon to harmonize two competing statutes but to interpret the plain meaning of Vehicle Code section 23171, subdivision (a), alone. That section requires confinement "in county jail" and does not mention placement in a rehabilitation facility.

Furthermore, the provisions of Penal Code section 2900.5 are largely irrelevant under the sentencing scheme created by Vehicle Code sections 23171, subdivision (a), and 23202. That scheme effectively precludes the

---

[2]Penal Code section 2900.5 provides in pertinent part: "(a) In all felony and misdemeanor convictions, . . . when the defendant has been in custody, including but not limited to any time spent in a jail, . . . rehabilitation facility, . . . , all days of custody of the defendant, including days served as a condition of probation in compliance with a court order . . . shall be credited upon his term of imprisonment, . . . [¶] (c) For the purposes of this section, 'term of imprisonment' includes any period of imprisonment imposed as a condition of probation . . . ."

accrual of credit for time spent in a rehabilitation facility prior to conviction and directly bars such placement after conviction.

Prior to conviction, the scheme is carried out by means of Vehicle Code section 23202, subdivision (a), which provides: "In any case in which a person is charged with a violation of [driving under the influence], prior to acquittal or conviction, the court shall not suspend or stay the proceedings for the purpose of allowing the accused person to attend or participate, . . . in any . . . treatment program for persons who are habitual users of alcohol or other alcoholism program, . . ."

After conviction, the scheme is carried out by the mandatory language of Vehicle Code section 23171, subdivision (a), which, under our construction of that section, requires the court to impose a county jail term upon conviction.[3]

At oral argument, defendant's counsel suggested that a literal interpretation of the term "county jail" might invalidate ongoing programs in various cities where persons sentenced pursuant to section 23171, subdivision (a), were placed in city jails rather than county jail. Counsel failed to mention Penal Code section 4022, which specifically addresses the definition of county jail: "Whenever by the terms of this code, or of any other law of the State, it is provided that a prisoner shall be confined in any county jail, such provision shall be construed to authorize any prisoner convicted in a municipal or justice court to be confined, with the consent of the city, in any city jail in the judicial district in which the offense was committed, and as to such prisoner so confined in such city jail, the designations, county jail and city jail shall be interchangeable, and in such case the obligations to which the county is liable in case of confinement in a county jail, shall become liabilities of the city where such prisoner is confined in a city jail." Thus, our decision does not impair these programs.

We are aware that the requirement of placing third time offenders such as defendant in jail may place an intolerable burden on already overcrowded

---

[3]Defendant urges that Vehicle Code section 23202 impliedly authorizes placement in a rehabilitation facility after conviction by failing to disallow a stay issued after conviction but prior to sentencing. Thus, real party urges that the court in the present case, could have extended the time for sentencing for 90 days under Penal Code section 1449, ordered real party to a rehabilitation facility pending sentencing and credited him for time spent therein. This argument ignores the more specific language of Vehicle Code section 23206, subdivision (a), prohibiting a trial court from staying or suspending the pronouncement of sentence after a conviction for driving under the influence of alcohol. Further, in view of our construction of Vehicle Code section 23171, subdivision (a), as requiring placement in a county jail, any time spent in a rehabilitation facility after sentencing is not applicable to the mandatory jail term.

jail facilities. We are also aware that, in the view of many, placement in a secure rehabilitation facility rather than county jail would better serve the goals of deterrence and rehabilitation. These concerns, however, must be addressed to the appropriate legislative body, not this court.

### *Defendant Should Be Allowed to Withdraw His Guilty Plea*

Defendant's guilty plea was entered after the court indicated that he would be allowed to spend his county jail term in the "Warm Springs security facility." In view of our holding precluding such placement, the defendant must be given an opportunity to withdraw his guilty plea. (*People* v. *Delles* (1968) 69 Cal.2d 906, 910 [73 Cal.Rptr. 389, 447 P.2d 629]; Pen. Code, § 1018.)

### DISPOSITION

Let a peremptory writ of mandate issue directing the respondent court to vacate its sentencing order. The trial court is further directed to allow the defendant to withdraw the plea previously entered if he so desires. In the event the defendant does not withdraw his plea or is convicted after trial, the court is to impose sentence in accordance with the principles expressed herein.

Klein, P. J., and Danielson, J., concurred.

A petition for a rehearing was denied January 13, 1984, and the opinion was modified to read as printed above. The petition of real party in interest for a hearing by the Supreme Court was denied February 16, 1984.