[No. B055374. Second Dist., Div. Five. May 20, 1991.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ROBIN CHRISTINE HUBBARD, Real Party in Interest.

## COUNSEL

Ira Reiner, District Attorney, Harry B. Sondheim, Donald J. Kaplan, and Martha E. Bellinger, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Richard T. Sykes and Fred Kilbride for Real Party in Interest.

Wilbur F. Littlefield, Public Defender (Los Angeles), Laurence M. Sarnoff and John Hamilton Scott, Deputy Public Defenders, as Amici Curiae on behalf of Real Party in Interest.

## OPINION

**GRIGNON, J.**—In this mandamus proceeding, we are asked to decide generally if a defendant who is subject to a mandatory minimum county jail sentence for a driving under the influence conviction may be eligible to participate in an electronic home detention program authorized by Penal Code section 1203.016. Specifically, the People seek a peremptory writ to vacate a sentencing order placing the defendant real party in interest on probation and ordering the probation department "to arrange forthwith for Defendant to be placed on the home monitoring program." We conclude that such a defendant may be eligible to participate in an electronic home

detention program. We hold, however, that respondent court's sentencing order is not in compliance with the applicable statutory requirements and we, therefore, issue the peremptory writ sought by the People.[1]

### Facts and Procedural Background

On June 13, 1990, defendant was arrested for driving under the influence (Veh. Code, § 23152, subd. (a)) after California Highway Patrol officers observed her vehicle weaving across the freeway. Defendant's blood-alcohol level was 0.25. Defendant had suffered three prior convictions for driving under the influence, one in 1983 and two in 1984.

Defendant was charged by information with felony driving under the influence pursuant to Vehicle Code section 23152, subdivision (a). The information further alleged that she had suffered three prior convictions for driving under the influence pursuant to Vehicle Code section 23175.

On November 5, 1990, she pled guilty to driving under the influence as a felony and admitted the three prior convictions. She was placed on probation on the same date. She was ordered to spend six months in custody as a probation condition. Over the prosecution's objection, the court allowed defendant to serve the six months in custody in her residence while subject to the surveillance program. Respondent court stated:

"Criminal proceedings are suspended at this time.

"The Defendant is placed upon a 3 year grant of formal probation, on the following terms and conditions:

"First, she is ordered to serve 180 days in the County Jail. That time may be served in the narcotic electronic surveillance program of the Probation Department.

". . . . . . . . . . . . . . . . . . . . . . . . . . .

[1]On January 11, 1991, we notified the parties that we were considering the issuance of a peremptory writ "in the first instance." (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180-181 [203 Cal.Rptr. 626, 681 P.2d 893].) On January 24, 1991, the People filed supplemental points and authorities in support of the petition. Real party in interest filed opposition to the petition on January 25, 1991, and the Los Angeles County Public Defender filed an amicus curiae brief on February 5, 1991. Thereafter, supplemental letter briefs from all parties were received on March 7, March 12, and March 15, 1991. The court has read and considered all of the above documents.

As there is not a plain, speedy and adequate remedy at law, and in view of the fact that the issuance of an alternative writ would add nothing to the presentation already made, we deem this to be a proper case for the issuance of a peremptory writ of mandate "in the first instance." (Code Civ. Proc., § 1088.)

"The Defendant will be given credit for 2 days against 180 days imposed.

". . . . . . . . . . . . . . . . . . . . . . . . . .

"The Defendant is directed to report to the Probation Officer, who is to arrange forthwith for Defendant to be placed on the home monitoring program.

". . . . . . . . . . . . . . . . . . . . . . . . . .

"The Defendant shall cooperate with the Probation Officer in a plan for psychological counseling, and she is ordered to complete a long term alcohol education program as provided in Section 23172[2] of the Vehicle Code.

". . . . . . . . . . . . . . . . . . . . . . . . . .

"You are directed to report to the Probation Department. I am going to order that you report there today, Ma'am, and they will set up the narcotics surveillance program . . . ."

DISCUSSION

I

*Home Detention Program*

Penal Code section 1203.016 provides for the establishment of a home detention program in lieu of county jail detention. It provides: "(a) Notwithstanding any other provision of the law, the board of supervisors of any county may authorize the correctional administrator, as defined in subdivision (h), to offer a program under which minimum security inmates and low-risk offenders committed to a county jail or other county correctional facility or inmates participating in a work furlough program may voluntarily participate in a home detention program during their sentence in lieu of confinement in the county jail or other county correctional facility."[3]

---

[2]There is no Vehicle Code section 23172. Presumably, the judge misspoke and intended to say Vehicle Code section 23176.

[3]Because the interpretation of this section is critical to the resolution of the issues presented, we set out the section in its entirety:

"(b) The board of supervisors may prescribe reasonable rules and regulations under which a home detention program may operate. As a condition of participation in the home detention program, the inmate shall give his or her consent in writing to participate in the home detention program and shall in writing agree to comply with the rules and regulations of the program, including, but not limited to, the following rules:

Penal Code section 1203.016 enables the board of supervisors of a county to authorize the sheriff or probation officer to offer a home detention program in lieu of county jail detention. Pursuant to this enabling legislation,

"(1) The participant shall remain within the interior premises of his or her residence during the hours designated by the correctional administrator.

"(2) The participant shall admit any person or agent designated by the correctional administrator into his or her residence at any time for purposes of verifying the participant's compliance with the conditions of his or her detention.

"(3) The participant shall agree to the use of electronic monitoring or supervising devices for the purpose of helping to verify his or her compliance with the rules and regulations of the home detention program. The devices shall not be used to eavesdrop or record any conversation, except a conversation between the participant and the person supervising the participant which is to be used solely for the purposes of voice identification.

"(4) The participant shall agree that the correctional administrator in charge of the county correctional facility from which the participant was released may, without further order of the court, immediately retake the person into custody to serve the balance of his or her sentence if the electronic monitoring or supervising devices are unable for any reason to properly perform their function at the designated place of home detention or if the person fails to remain within the place of home detention as stipulated in the agreement or for any other reason no longer meets the established criteria for release under this section. A copy of the agreement shall be delivered to the participant and a copy retained by the correctional administrator.

"(c) Whenever the peace officer supervising a participant has reasonable cause to believe that the participant is not complying with the rules or conditions of the program, or that the electronic monitoring devices are unable to function properly in the designated place of confinement, the peace officer may, under general or specific authorization of the correctional administrator, and without a warrant of arrest, retake the person into custody to complete the remainder of the original sentence.

"(d) Nothing in this section shall be construed to require the correctional administrator to allow a person to participate in this program if it appears complied from the record that the person has not satisfactorily with reasonable rules and regulations while in custody. A person shall be eligible for participation in a home detention program only if the correctional administrator concludes that the person meets the criteria for release established under this section.

"(e) The correctional administrator may permit home detention program participants to seek and retain employment in the community, attend psychological counseling sessions or educational or vocational training classes, or seek medical and dental assistance.

"(f) At the time of sentencing or at any time that the court deems it necessary, the court may restrict or deny the defendant's participation in a home detention program.

"(g) The board of supervisors may prescribe a program administrative fee, not to exceed the pro rata cost of the electronic monitoring or supervising device and the cost of administration of the program, to be paid by each home detention participant according to his or her ability to pay. Inability to pay shall not preclude participation in the program.

"(h) As used in this section, the following words used in this section have the following meanings:

"(1) 'Correctional administrator' means the sheriff, probation officer, or other official in charge of a county correctional facility or work furlough program.

"(2) 'Minimum security inmate' means an inmate who, by established local classification criteria, would be eligible for placement in a Type IV local detention facility, as described in Title 15 of the California Code of Regulations, or for placement into the community for work or school activities, or who is determined to be a minimum security risk under a classification plan developed pursuant to Section 1050 of Title 15 of the California Code of Regulations.

the Board of Supervisors of Los Angeles County, on May 11, 1989, authorized the chief probation officer "to operate an electronic home detention program for inmates participating in the Work Furlough Program consistent with the provisions of Penal Code section 1203.016 . . . ." (Mins. of the Bd. of Supervisors, County of L.A., State of Cal., May 11, 1989.) The May 11 authorization approved a demonstration project to evaluate the effectiveness of an electronic home detention program.

On January 11, 1990, the board authorized the chief probation officer to expand the demonstration project into "a fully operational Electronic Home Detention Program consistent with the provisions of Penal Code section 1203.016." (Mins. of the Bd. of Supervisors, County of L.A., State of Cal., January 11, 1990.)

The evidence before this court indicates at present, the only home detention program authorized and operating in Los Angeles County, pursuant to Penal Code section 1203.016, is the probation department's electronic home detention program administered through the department's work furlough program. Eligible defendants who have been accepted into and have participated in the work furlough program may participate in the electronic home detention program. Two private firms have contracted with the County of Los Angeles to provide the actual electronic surveillance in the probation department's electronic home detention program.

II

*Applicability to Mandatory Minimum Driving Under the Influence Sentences*

It is unlawful for any person who is under the influence of an alcoholic beverage to drive a vehicle. (Veh. Code, § 23152, subd. (a).) If a person is convicted of driving a vehicle under the influence of alcohol and he or she has, within the seven years prior, been convicted of three or more separate violations of driving under the influence, that person shall be punished by imprisonment in state prison for sixteen months, two years or three years, or in the county jail for not less than one hundred eighty days nor more than one year. (Veh. Code, § 23175; Pen. Code, § 18.)

"(3) 'Low-risk offender' means a probationer, as defined by the National Institute of Corrections model probation system.

"(i) The Board of Corrections shall monitor home detention programs operated pursuant to this section and shall report to the Legislature on or before January 1, 1992, regarding their effectiveness. The report shall include an evaluation of the costs of the programs, the impact upon jail overcrowding, and the effect upon the safety of the public.

"(j) This section shall remain operative only until January 1, 1993, and as of that date is repealed."

If the person is granted probation, the sentencing court "shall" impose as a condition of probation that the person be confined in the county jail for at least 180 days or the court may order as a condition of probation that the defendant participate in a 30-month alcohol program and serve at least 30 days in the county jail. (Veh. Code, § 23176.) In addition, unless the defendant is required to participate in the 30-month alcohol program, the court must order as a condition of probation that the defendant participate in a one-year alcohol treatment program. (Veh. Code, § 23176, subd. (c).)

■ The minimum jail sentences to be imposed pursuant to Vehicle Code section 23176, are mandatory and the court may not absolve such an offender from the mandatory minimum jail sentence. (Veh. Code, § 23206, subd. (c); *People* v. *Municipal Court* (*Hinton*) (1983) 149 Cal.App.3d 951, 953-954 [197 Cal.Rptr. 204]; *People* v. *Superior Court* (*Beasley*) (1984) 159 Cal.App.3d 131 [205 Cal.Rptr. 413].) A defendant may not be permitted to serve his mandatory minimum jail sentence in an alcohol rehabilitation facility. (*Hinton, supra,* at pp. 954-957.) However, a defendant may serve his mandatory minimum jail sentence in a city jail as provided by Penal Code section 4022. (*Id.* at p. 956.) We are asked to determine whether these mandatory minimum jail sentences may be served in an electronic home detention program.

In making this determination, we look first to the language of the statute. Penal Code section 1203.016, subdivision (a) commences "Notwithstanding any other provision of the law," the board of supervisors of a county may authorize a home detention program "in lieu of confinement in the county jail or other county correctional facility." Nothing in the section specifically prohibits the application of electronic home detention programs to defendants serving mandatory minimum jail sentences for driving under the influence. There is, however, nothing in the statutory language which makes the electronic home detention program specifically applicable to such offenders.

The statute does expressly set forth the types of offenders who may qualify for an electronic home detention program. Driving under the influence offenders appear to be potentially eligible under these specific parameters. Penal Code section 1203.016 provides that the home detention program may be made available to "minimum security inmates and low-risk offenders committed to a county jail or other county correctional facility or inmates participating in a work furlough program."

A "[m]inimum security inmate" is defined as "an inmate who, by established local classification criteria, would be eligible for placement in a Type IV local detention facility, as described in Title 15 of the California Code of

Regulations, or for placement into the community for work or school activities, or who is determined to be a minimum security risk under a classification plan developed pursuant to section 1050 of Title 15 of the California Code of Regulations."

A "low-risk offender" is a "probationer, as defined by the National Institute of Corrections [herein NIC] model probation system." NIC's definition of a probationer is based on an objective scoring or scaling analysis relating to an offender's risk of reoffending and his or her need for services while under supervision. It takes into account many factors including academic/vocational skills, employment, financial management, alcohol and drug usage, emotional stability, prior convictions, probations, and probation revocations.

Thus, if a driving under the influence offender qualifies as either a minimum security inmate, a low-risk offender, or an inmate participating in a work furlough program, the offender is an eligible candidate under the provisions of the statute. In Los Angeles County, however, only those offenders who have been accepted into and have participated in the probation department's work furlough program may be eligible for home detention.[4]

We look next to the legislative history of the statute.[5] We have carefully reviewed the legislative history of the section and have found no information from which one could reasonably infer a legislative intent to preclude driving under the influence offenders from availing themselves of electronic home detention programs. Indeed, the legislative history is replete with newspaper articles referring to existing home arrest programs and their particular applicability to driving under the influence offenders.[6]

The legislative history also indicates that the home detention program was intended to be modeled after the work release program outlined in Penal Code section 4024.2. Section 4024.2 provides in relevant part:

[4]We recognize under the language of Penal Code section 1203.016, subdivision (a), that it can be argued that there are three categories of persons who are eligible for the home surveillance program: a minimum security inmate, a low-risk offender, and an inmate in the work furlough program. On the other hand, it can be argued that there are but two types of offenders who may participate in a home detention program. Those two categories are first "minimum security inmates *and* low-risk offenders committed to a county jail" (italics supplied) and second, "inmates participating in a work furlough program." We do not address or resolve the question of whether there are three or two classifications of persons who may avail themselves of home detention in lieu of custody in a jail under the statute.

[5]We have taken judicial notice of the legislative history of Penal Code section 1203.016 pursuant to Evidence Code sections 452, subdivision (c), and 459.

[6]The People concede that a defendant, such as real party in interest, convicted of felony driving under the influence is not precluded from participating in a home detention program.

"(a) Notwithstanding any other provision of law, the board of supervisors of any county may authorize the sheriff or other official in charge of county correctional facilities to offer a voluntary program under which any person committed to the facility may participate in a work release program pursuant to criteria described in subdivision (b), in which one day of participation will be in lieu of one day of confinement.

". . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(d) A person shall be eligible for work release under this section only if the sheriff or other official in charge concludes that the person is a fit subject therefor."

In 1983, the Attorney General issued an opinion that a person convicted of driving under the influence and subject to a mandatory minimum jail sentence may participate in a work release program under section 4024.2 in lieu of the jail sentence. (66 Ops.Cal.Atty.Gen. 27, *supra* (1983).)[7]

The opinion stated: "As we have seen, Penal Code section 4024.2 is operative 'notwithstanding any other provisions of law.' This introductory phrase in a statute indicates legislative intent that the statute be exclusive or *sui generis*, and thus controlling over other statutes on the same subject. (*In re Marriage of Dover* (1971) 15 Cal.App.3d 675, 678, fn. 3 [93 Cal.Rptr. 384]; *State of California* v. *Superior Court* (1965) 238 Cal.App.2d 691, 693-695 [48 Cal.Rptr. 156].) . . . The Legislature in enacting a statute is presumed to have knowledge of existing statutes. (*Rosenthal* v. *Cory* (1977) 69 Cal.App.3d 950, 953-954 [138 Cal.Rptr. 442].)" (66 Ops.Cal.Atty.Gen. 27, *supra*, at pp. 28-29.)

■ It seems abundantly clear from the foregoing that defendants serving mandatory minimum driving under the influence sentences may be eligible to participate in home detention programs under Penal Code section 1203.016. First, there is nothing in the language of the statute or its legislative history which states or implies an intent that such a program not be available to driving under the influence offenders. Indeed, a reasonable argument could be made that the legislative history implies a contrary intent.

---

[7]Vehicle Code section 23206.5 provides that a person who is convicted of a second or subsequent driving under the influence offense must serve at least one period of not less than 48 hours of imprisonment, or alternatively serve not less than 10 days of community service: "[N]o court or person to whom a person is remanded for execution of sentence shall release, or permit the release of, a person from [these] requirements . . . , including, but not limited to, any work-release program, weekend service of sentence program, diversion or treatment program, or otherwise." Section 23206.5 was enacted in 1986 and was intended to conform state law to the federal government's title 408 grant program conditions. It was not intended to provide an alternative sentencing or probation condition to the requirements of driving under the influence sentencing.

Second, the language "[n]otwithstanding any other provision of the law" indicates an intent on the part of the Legislature that the home detention statute control over the driving under the influence sentencing statutes. Third, the home detention statute is modeled after the work release statute, which is available to driving under the influence offenders (subject to the provisions of Veh. Code, § 23206.5). Finally, driving under the influence offenders are within the categories of potential participants in a home detention program as set forth in Penal Code section 1203.016, namely, a minimum security inmate, low-risk offender, or an inmate participating in a work furlough program.[8]

## III

*Sentencing Under the Home Detention Statute*

█ A sentencing court has a duty to impose the punishment prescribed by law and has no discretion to deviate from the punishment prescribed by the statute. (*People* v. *Lara* (1984) 155 Cal.App.3d 570, 574 [202 Cal.Rptr. 262].)

Penal Code section 1203.016 authorizes the board of supervisors of a county to adopt a home detention program in lieu of county jail detention. The adopting board designates a correctional administrator, who may be the sheriff, probation officer, or other official in charge of a county correctional facility or work furlough program. The correctional administrator is responsible for offering and administering the program. (Pen. Code, § 1203.016, subds. (a) and (h)(1).)

The correctional administrator is authorized to (1) designate the hours a participant must remain in his or her home (Pen. Code, § 1203.016, subd. (b)(1)); (2) designate persons permitted to enter a participant's home for verification purposes (Pen. Code, § 1203.016, subd. (b)(2)); and (3) determine whether participants may be employed, attend psychological counseling sessions or educational or vocational training classes, or seek medical and dental assistance (Pen. Code, § 1203.016, subd. (e)).

The correctional administrator makes the determination whether a person meets the criteria to participate in the home detention program. The correctional administrator is not required to permit participation in the program if the person has not complied with reasonable rules and regulations while in custody. (Pen. Code, § 1203.016, subd. (d).) If a person is admitted to the

---

[8]Sound public policy arguments can be made that recidivist driving under the influence offenders should not be granted the opportunity of serving mandatory custody time in a private residence. However, the Legislature has not excluded repeat driving under the influence offenders from the provisions of Penal Code section 1203.016. Accordingly, we must apply the law as enacted by the Legislature notwithstanding those public policy considerations.

program and released from custody, the correctional administrator may immediately without court order retake the participant into custody if the monitoring devices are not functioning, if the participant fails to remain in the place of home detention, or if the participant no longer meets the criteria for release. (Pen. Code, § 1203.016, subd. (b)(4).)

█    The sentencing judge has only the right to restrict or deny a defendant's participation in the home detention program. (Pen. Code, § 1203.016, subd. (f).) The judge has no authority to direct or order placement of a defendant in the home detention program, however, the judge may recommend that a defendant be allowed to participate in the home detention program. (See: *ibid.*; 73 Ops.Cal.Atty.Gen. 45 (1990); *Lara, supra,* 155 Cal.App.3d at p. 576; *People* v. *Graham* (1978) 83 Cal.App.3d 736, 745 [149 Cal.Rptr. 6]; *People* v. *Flower* (1976) 62 Cal.App.3d 904, 912-914 [133 Cal.Rptr. 455].)[9] This conclusion is buttressed by the legislative history of section 1203.016. As initially drafted, the home detention legislation contained no provision for judicial intervention. "Judges expressed some reservations regarding the authority of the correctional administrator to impose or revoke home detention, sentencing decisions normally within the purview of the court. However, they find the measure acceptable as long as the discretion of the administrator is limited by the absolute right of the court to restrict or deny participation in the program." (Sen. Mem., Hg. of Aug. 2, 1988, p. 4.) Thereafter, subdivision (f) was added giving judges veto power over a defendant's eligibility to participate in the program.

We conclude, therefore, that the probation officer, as the correctional administrator, and not the sentencing judge, is authorized to determine who is eligible to participate in the home detention program.

## IV

### *Application to Defendant*

Defendant may be eligible to participate in the probation department's electronic home detention program if she meets the requirements of the program. She must first qualify as an "inmate [ ] participating in a work furlough program" as required by Penal Code section 1203.016, the authorization of the board of supervisors establishing the department's home detention program. Respondent court, however, may not order that defendant

---

[9]The People contend that the court may not permit the defendant to serve her jail sentence in an unauthorized home detention program. We note that there is no indication that the court had any intention to impose an unauthorized sentence. However, we conclude that the trial court is not here authorized to place defendant in an unauthorized home detention program, and such a disposition would constitute a violation of the applicable mandatory minimum sentence for driving under the influence offenders. (See *Hinton, supra,* 149 Cal.App.3d 951; 73 Ops.Cal.Atty.Gen. 45, *supra.)*

be placed in the home detention program. The determination of her eligibility lies within the sound discretion of the chief probation officer. Respondent court erred by ordering the department to accept her into the program.[10]

## CONCLUSION

We conclude that in Los Angeles County, defendants subject to mandatory minimum sentences for driving under the influence may be eligible to participate in the probation department's electronic home detention program. We conclude further that the sentencing court may recommend that such a defendant be considered for the probation department's electronic home detention program through a work furlough referral. The sentencing court may not, however, order such a defendant's acceptance into the program and may not allow the defendant to participate in a home detention program which has not been authorized by the board of supervisors.

## DISPOSITION

The People's petition for a writ of mandate is granted. Respondent court is ordered to vacate the sentence imposed on November 5, 1990, and to resentence defendant in accordance with the views set forth in this opinion.

Turner, P. J., and Boren, J., concurred.

---

[10]We note that it appears clear from the record that the judge did not sentence the defendant under the alternative "30-day jail sentence/30-month alcohol program" provisions of Vehicle Code section 23176. If on remand he should do so, the mandatory 30-day jail sentence would also be subject only to a judicial recommendation that the defendant be allowed to serve her time in the home detention program and not to a judicial order.