TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 94-809 |
| of | : | |
| | : | May 18, 1995 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| MAXINE P. CUTLER | : | |
| Deputy Attorney General | : | |
| | : | |

_____


        THE HONORABLE SAL CANNELLA, MEMBER OF THE CALIFORNIA STATE ASSEMBLY, has requested an opinion of the following questions:

        1. When a local agency requires the filing of a tentative map in addition to a parcel map with respect to the subdivision of property, may the agency impose, as a condition of tentative map approval, the installation of irrigation facilities prior to approval of the parcel map?

        2. When a local agency requires the filing of a tentative map in addition to a parcel map with respect to the subdivision of property, may the agency impose, as a condition of map approval, that an agreement be reached between the subdivider and an irrigation district regarding the timing of the installation of irrigation facilities?

CONCLUSIONS

        1. When a local agency requires the filing of a tentative map in addition to a parcel map with respect to the subdivision of property, the agency may not impose, as a condition of tentative map approval, the installation of irrigation facilities prior to approval of the parcel map.

        2. When a local agency requires the filing of a tentative map in addition to a parcel map with respect to the subdivision of property, the agency may not impose, as a condition of tentative map approval, that an agreement be reached between the subdivider and an irrigation district regarding the timing of the installation of irrigation facilities.

ANALYSIS

The Subdivision Map Act (Gov. Code, §§ 66410-66499.37; "Act")[1] regulates the manner in which an owner of a contiguous block of land may subdivide or convey portions of the property. (*John Taft Corp.* v. *Advisory Agency* (1984) 161 Cal.App.3d 749, 755.) The Act establishes general "statewide criteria for land development planning, and delegates authority to cities and counties to regulate the details of subdivisions." (*Benny* v. *City of Alameda* (1980) 105 Cal.App.3d 1006, 1010.) Its purposes are to "facilitate orderly community development by regulating and controlling the design and improvement of subdivisions and to protect the buying public from exploitation" (*South Central Coast Regional Com.* v. *Charles A. Pratt Construction Co.* (1982) 128 Cal.App.3d 830, 845), as well as to "assure proper improvements are made so the area does not become an undue burden on the taxpayer" (*Bright* v. *Board of Supervisors* (1977) 66 Cal.App.3d 191, 194).

Generally a subdivision may be created only by first obtaining local (city or county) approval of a "final map" (§ 66426 [five or more parcels]) or a "parcel map" (§ 66428 [four or fewer parcels]) filed with the county recorder (§§ 66411.1, 66468). While the filing of a "tentative map" (§ 66424.5) is normally only required prior to the filing of a final map (§§ 66456-66457), the local agency has the discretion to require preparation of a tentative map prior to the recordation of a parcel map for divisions of four or fewer parcels. "Local ordinances may require a tentative map where a parcel map is required by this chapter." (§ 66428.) To obtain approval of the requisite map, the subdivider may be required to fulfill certain conditions imposed by the local agency.

The two questions presented for resolution concern the provisions of section 66411.1, which states:

"(a) Notwithstanding Section 66428, whenever a local ordinance requires improvements for a division of land which is not a subdivision of five or more lots, the regulations shall be limited to the dedication of rights-of-way, easements, and the construction of reasonable offsite and onsite improvements for the parcels being created. Requirements for the construction of offsite and onsite improvements shall be noticed by a statement on the parcel map, on the instrument evidencing the waiver of the parcel map, or by a separate instrument and shall be recorded on, concurrently with, or prior to the parcel map or instrument of waiver of a parcel map being filed for record.

"(b) Notwithstanding Section 66428, fulfillment of the construction requirements shall not be required until the time a permit or other grant of approval for development of the parcel is issued by the local agency or, where provided by local ordinances, until the time the construction of the improvements is required pursuant to an agreement between the subdivider and the local agency, except that in the absence of

---

[1] All section references are to the Government Code unless otherwise indicated.

an agreement, a local agency may require fulfillment of the construction requirements within a reasonable time following approval of the parcel map and prior to the issuance of a permit or other grant of approval for the development of a parcel upon a finding by the local agency that fulfillment of the construction requirement is necessary for either of the following reasons:

> "(1) The public health and safety.

> "(2) The required construction is a necessary prerequisite to the orderly development of the surrounding area."

We are informed that a property owner intends to subdivide 80 acres of rural land into four equal parcels. The county requires a tentative map for such a subdivision. The 80 acres is served by an irrigation canal on one side. If the new parcels are configured parallel to the canal, another canal running perpendicular to the first will be necessary to reach the other three new parcels. Under the terms of section 66411.1, when may the county require the construction of the perpendicular canal?

1. Requiring Installation of Improvements Prior to Parcel Map Approval

In 62 Ops.Cal.Atty.Gen. 175 (1979), we concluded that a local agency could not require construction of offsite or onsite improvements to be completed prior to approval of a parcel map. We stated:

> "The first question concerns whether a local agency can require that improvements in . . . smaller subdivisions [of four or fewer parcels] be completed prior to the recordation of the appropriate map. Since sale of the parcels is generally dependent upon recordation of the map (§ 66499.30, subd. (b)), such a requirement would insure that the improvements were made before sale. On the other hand, it may be argued that the landowner should not be required to make the necessary improvements until he is ready to develop the property. Based upon an examination of the controlling statute, section 66411.1, we conclude that completion of the improvements may not be required prior to the recordation of the parcel map.

> "Section 66411.1 provides that in divisions of land into four or less parcels, the improvements required by local ordinance must be limited to `the dedication of rights-of-way, easements, and the construction of reasonable offsite and onsite improvements for the parcels being created.' Under the statute, notification of the construction requirements must be `by certificate on the parcel map, on the instrument evidencing the waiver of such parcel map, or by separate instrument and shall be recorded on, concurrently with, or prior to the parcel map or instrument of waiver of a parcel map being filed for record.'

> "Although the improvements can be specified and their description recorded prior to the recordation of the appropriate parcel map, the Legislature has further provided in the statute that:

"`*Fulfillment of such construction requirements shall not be required until such time as a permit or other grant of approval for development of the parcel is issued* by the local agency *or*, where provided by local ordinances, until such time as the construction of such improvements is required *pursuant to an agreement between the subdivider and the local agency, except . . .* that in the absence of such an agreement, *a local agency may require fulfillment of such construction requirements within a reasonable time following approval of the parcel ma*p and prior to the issuance of a permit or other grant of approval for the development of a parcel upon a finding by the local agency that fulfillment of the construction requirements is necessary for reasons of . . . public health and safety; or . . . orderly development of the surrounding area.' (Emphasis added.)

"`. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

". . . [W]e construe section 66411.1 as allowing a local agency to require the completion of the necessary improvements within a reasonable time *after* the parcel map has been approved if no agreement has been reached setting an earlier date of completion pursuant to a duly adopted ordinance authorizing such agreements." (*Id.*, at pp. 177-178; fn. omitted.)

The only significant difference between the present inquiry and our 1979 opinion is that here the local agency has required the filing of a tentative map in addition to the filing of a parcel map. How does this fact affect our prior conclusion?

We believe that whatever argument could once have been made regarding the authority of a local agency to approve a tentative map, the recent amendment of section 66411.1 disposes of such argument when dealing with subdivisions of four or fewer parcels. In 1994, section 66411.1 was amended (Stats. 1994, ch. 655, § 1) to add the phrase "Notwithstanding Section 66428" in both subdivisions (a) and (b). Such language makes the limitation provisions of section 66411.1 controlling over the terms of section 66428. (See *People* v. *Superior Court (Hubbard)* (1991) 230 Cal.App.3d 287, 296; *In re Marriage of Dover* (1971) 15 Cal.App.3d 675, 678, fn. 3; *State of California* v. *Superior Court* (1965) 238 Cal.App.2d 691, 695; 76 Ops.Cal.Atty.Gen. 4, 7 (1993).)

Consistent with this interpretation is the legislative history of the 1994 amendment of section 66411.1. In the report on the Assembly Committee on Local Government dated April 20, 1994, the proposed legislation is described in part as: "Provides that the restriction of parcel map improvements . . . apply notwithstanding the authority for local governments to require a tentative map when a parcel map is required . . . ." Similarly in the report of the Assembly Committee on Ways and Means dated May 18, 1994, it is stated that the statutory amendment is to provide "that the restriction on improvements shall apply notwithstanding the authority for local governments to require a tentative map . . . ."[2]

---

[2] "Statements in legislative committee reports concerning the statutory purposes which are in accordance with a reasonable interpretation of the statute will be followed by the courts. It will be presumed that the Legislature adopted the

Accordingly, even though a local agency may require the filing of a tentative map under the terms of section 66428, the agency may not circumvent the limitations contained in section 66411.1 governing "a division of land which is not a subdivision of five or more lots." One such statutory limitation[3] is: "fulfillment of the construction requirements shall not be required until the time a permit or other grant of approval for the development of the parcel is issued by the local agency" unless there is an agreement with the subdivider; a finding of necessity due to public health and safety or orderly development of the surrounding area allows the local agency to require construction only "within a reasonable time *following* approval of the parcel map."

We conclude in answer to the first question that when a local agency requires the filing of a tentative map in addition to a parcel map with respect to the subdivision of property, the agency may not impose, as a condition of tentative map approval, the installation of irrigation facilities prior to approval of the parcel map.

### 2. Requiring Installation of Improvements By Agreement

As indicated in response to the first question, a subdivider may agree to construct onsite and offsite improvements under the terms of section 66411.1. Such an agreement might specify that the improvements are to be constructed at a particular time, including prior to the approval of the parcel map. Does section 66411.1 allow the local agency to *require* such an agreement between the subdivider and a water district for the construction of irrigation facilities? We conclude that it does not.

We are to interpret statutes so as to "effectuate legislative intent." (*Burden* v. *Snowden* (1992) 2 Cal.4th 556, 562.) "In determining intent, we look first to the language of the statute, giving effect to its `plain meaning.'" (*Kimmel* v. *Goland* (1990) 51 Cal.3d 202, 208.) "If a statute's language is clear, then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs." (*Kizer* v. *Hanna* (1989) 48 Cal.3d 1, 8.)

An "agreement" is commonly defined as "the act of agreeing or coming to a mutual arrangement . . . harmonious understanding . . . ." (Webster's Third New Internat. Dict. (1971) p. 43.) The term is not ordinarily understood to involve involuntary or forced consent.

We find nothing in the statute suggesting that a local agency may impose an agreement upon a subdivider. Indeed, the language supports the contrary conclusion by indicating the course of action a local agency may take if an agreement cannot be reached with the subdivider ("in the absence of an agreement, a local agency may . . . .").

---

proposed legislation with the intent and meaning expressed in committee reports." (*In re Marriage of Paddock* (1971) 18 Cal.App.3d 355, 359; accord, *O'Brien* v. *Dudenhoeffer* (1993) 16 Cal.App.4th 327, 334.)

[3]Other limitations contained in section 66411.1 are not within the scope of this opinion, such as the requirement that the offsite and onsite improvements be "reasonable."

The legislative history of section 66411.1's most recent amendment in 1994 supports the determination that an agreement may not be forced upon the subdivider. The report of the Senate Committee of Local Government dated July 6, 1994, indicates that "[c]onstruction of improvements are not required until development of the property, unless the city or county determines they are necessary because of health and safety reasons." No suggestion is contained in the committee reports that a local agency may require construction of improvements by imposing an agreement upon the subdivider.

In 71 Ops.Cal.Atty.Gen. 344, 346-349 (1988), we concluded that a city and a county were not required to reach an agreement regarding the transfer of property tax revenues in a city annexation proceeding, since the statute in question only required them to "commence negotiations." Here, under the terms of section 66411.1, the Legislature has not even required negotiations.

In answer to the second question, therefore, we conclude that when a local agency requires the filing of a tentative map in addition to a parcel map with respect to the subdivision of property, the agency may not impose, as a condition of tentative map approval, that an agreement be reached between the subdivider and an irrigation district regarding the timing of the installation of irrigation facilities.

* * * * *